J-S15005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRIC GARNER, | : | |
| | : | |
| Appellant | : | No. 1922 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000515-2022

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JUNE 20, 2024**

Appellant, Terric Garner, appeals from the judgment of sentence entered on February 10, 2023, as made final by the denial of Appellant's post-sentence motion on June 14, 2023. We affirm.

The trial court thoroughly summarized the underlying facts of this case:

> During the evening of June 13, 2021, [Appellant's] friend, Marc Lippi, told [Appellant] that Lippi was going to fight another friend of theirs, Dominic Iezzi [("the Victim")]. Lippi had been upset at [the Victim] because [the Victim] had been spending time with Lippi's girlfriend. When Lippi found out that [the Victim] and Lippi's girlfriend were at a mutual friend's house for a dinner party in Philadelphia, Lippi went over to the house. [Appellant] was not with Lippi at the time. Soon after [the Victim] and Lippi's girlfriend came out of the house, Lippi and [the Victim] got into a fistfight, which was recorded by Lippi's girlfriend. [The Victim] beat Lippi in the fight, leaving Lippi with a black eye.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After the fight, Lippi remained in the area and eventually attempted to get [the Victim] and Lippi's girlfriend to come back out of the house. While Lippi was banging on the house's door and window, [Appellant] stood down the street about five houses down. [Appellant] had left his home even though he was on house arrest for an unrelated matter. Eventually, [the Victim] came back out of the house and began to speak with Lippi on the sidewalk. Before long, [Appellant] approached [the Victim] and Lippi. Surveillance video from a nearby pizza store shows [Appellant] withdrawing a gun from his waistband and pointing it at [the Victim]. Upon seeing [Appellant] with the gun, [the Victim] ran away, and [Appellant] and Lippi chased him. Soon after, at approximately 12:40 a.m., [Appellant] shot [the Victim] in the right knee. As a result of the shooting, [the Victim's] kneecap was broken in at least three places. After the shooting, [Appellant] returned home, removed a house arrest monitor from his ankle, and fled to Puerto Rico. Police eventually arrested [Appellant] and Lippi.[fn.1] At the time of the shooting, [Appellant] did not have a permit to carry a firearm.

[fn.1] Lippi later pled guilty to aggravated assault, criminal conspiracy, and recklessly endangering another person.

Trial Court Opinion, 9/12/23, at 2-3 (citations omitted).

Following a jury trial, Appellant was found guilty of aggravated assault, conspiracy to commit aggravated assault, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia.[1] On February 10, 2023, the trial court sentenced Appellant to serve an aggregate term of eight to 16 years in prison, followed by four years of probation. N.T. Sentencing, 2/10/23, at 59.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903(a), 6106(a)(1), and 6108, respectively.

Appellant filed a timely post-sentence motion, where he raised the following claim:

> [Appellant] alleges that the sentencing court violated the requirements of 42 Pa.C.S.A. § 9721(b) of the Sentencing Code, which states that the sentence imposed should call for confinement that is consistent with protection of the public, the gravity of the offense as it relates to the impact of the community, and the rehabilitative needs of the defendant. [Appellant] alleges that sentence imposed is unreasonable, excessive, and grossly disproportionate to the offense. [Appellant] further alleges that the sentence does not properly reflect the weight of the mitigation presented at the sentencing hearing.

Appellant's Post-Sentence Motion, 2/20/23, at 1-2.

The trial court denied Appellant's post-sentence motion on June 14, 2023 and Appellant filed a timely notice of appeal. Appellant raises two claims on this appeal:

> 1. Did the [trial] court abuse its discretion by failing to give proper consideration to [Appellant's] personal needs and mitigating factors, and as a result is the sentence contrary to the fundamental norms underlying the sentencing process and manifestly unreasonable and excessive?
>
> 2. Did not the trial court abuse its discretion by sentencing [Appellant] to a sentence that is higher than the aggravated range of the sentencing guidelines without giving adequate reasons, on the basis of considerations, Appellant's criminal history, including arrests that resulted in dismissal of charges, and the seriousness of the charged offenses, factors which are already accounted for by the prior record and offense gravity scores of the sentencing guidelines?

Appellant's Brief at 5.

Appellant's claims on appeal challenge the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the

sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant first claims that his sentence is manifestly excessive, as the trial court "fail[ed] to give proper consideration to [Appellant's] personal needs and mitigating factors." Appellant's Brief at 5. As to this claim, Appellant filed a timely notice of appeal, raised the claim in his post-sentence motion, and properly included a Rule 2119(f) statement in his brief. Therefore, we turn to the issue of whether Appellant's first claim raises a substantial question.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with

- 4 -

a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. McKiel**, 629 A.2d 1012, 1013 (Pa. Super. 1993); **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. **Goggins**, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** at 727 (emphasis omitted).

Appellant's first subclaim contends that his sentence is excessive because the trial court failed to consider his rehabilitative needs and mitigating circumstances. Under our precedent, Appellant's claim presents a substantial question, thus permitting our review. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) ("[a]ppellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review"); **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) ("an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question"); **Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa. Super. 2015) (holding: a claim that the appellant's sentence was unduly excessive, "together with his

claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question").[2]

We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation marks and citations omitted).

Appellant claims that the trial court failed to adequately consider the following factors: 1) "Appellant may have had brain damage at the age of one;" 2) "Appellant suffered from mental health problems dealing with feelings of severe anxiety, depression, and insecurities;" 3) Appellant suffered from an alcohol addiction; and, 4) Appellant was subjected to "racist bullying in his neighbor[hood] over the course of [his life, which] led him to cope by attempting to fit in with his abusers and please his peers." Appellant's Brief at 18. According to Appellant, these factors demonstrate that he was not some "cold-blooded assailant, but rather was a self-induced dupe who

_____

[2] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa. Super. 2007) (quotations, citations, and corrections omitted); **see also Commonwealth v. Radecki**, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

misguidedly injected himself into a fight between mutual friends over a woman, in order not to be such an outcast." *Id.* at 18-19. Further, Appellant argues that these factors demonstrate that, if given the proper treatment, he "has the potential to become an upstanding member of society." *Id.* at 21.

Appellant's discretionary aspect of sentencing claim fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. *See* N.T. Sentencing, 2/10/23, at 4 and 50. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). To be sure, our Supreme Court has held:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.*

Further, during the sentencing hearing, the trial court expressly stated that it considered Appellant's rehabilitative needs and the mitigating factors Appellant emphasizes on appeal, but that a sentence of eight to 16 years in prison was appropriate in this case. *See* N.T. Sentencing, 2/10/23, at 50-60. As the trial court later summarized in its opinion:

> Here, the record demonstrates that the [trial court] explicitly considered and discussed each of the statutory factors set forth in Section 9721(b) before imposing [Appellant's] sentence. Regarding the protection of the public, the [trial court] explained that "the facts and circumstance of the crime[s] here demonstrate a major risk to the public posed by [Appellant] in the future." The [trial court] noted that not only were [Appellant's] crimes serious and violent, but that [Appellant] committed them while on house arrest. The [trial court] also observed that [Appellant] expressed no remorse and accepted no responsibility for his criminal behavior, including during his allocution at his sentencing hearing. The [trial court] further explained that [Appellant] attempted to evade responsibility by "[cutting] his ankle monitor and [fleeing] to Puerto Rico." . . .
>
> Concerning the gravity of the offense as it relates to the impact on the life of the victim and the community, the [trial court] stated that "[c]learly, the shooting of [the Victim] had a strong impact on him," resulting in him "leaving the hospital on crutches and [having] suffered substantial bodily injury." As to the community, the [trial court] observed that "[t]he community also suffers from crimes such as those committed by [Appellant]," and that such crimes "cause the community to be in fear for their safety, for the safety of their family and friends." . . .
>
> Finally, with respect to the rehabilitative needs of [Appellant], the [trial court] stated that [Appellant] "clearly has rehabilitative needs, substance abuse, [and] mental health needs" and, in imposing sentence, sought to address those needs by including conditions that required [Appellant] to

- 8 -

receive anger management counseling, substance abuse testing and treatment, and mental health services.

[Appellant's] assertions that [the trial court] failed to consider evidence of mitigation and [his] background and character are [] contrary to the record. In imposing sentence, the [trial court] stated:

> In determining what I believe to be an appropriate sentence, I have considered all of the evidence presented during the history of this case, including the evidence produced during the jury trial over which I presided.
>
> I have considered all of the information in the presentence investigation report, the investigation of prior record score, and the mental health evaluation, all of which I carefully reviewed. I have considered all of the information presented during today's sentencing hearing. I have considered as part of that[] the mitigation evidence presented by the defense. I will note that I considered for example[] the age of [Appellant], the fact that he is educated and has his GED, the fact that he did attend some college, and has four children, and has support from his family members, as shown by the letters that were read into the record by [Appellant's counsel]. And I have considered all of those letters and the content of those letters.
>
> And I have considered the fact that [Appellant] has a history of some mental health issues, as well as substance abuse issues. And I have also considered that fact that he has no prior felony convictions, and his claim that he was intoxicated during the incident here.
>
> And I have considered all of the positive things that the individuals who wrote the letters had to say on his behalf. I have also considered [Appellant's] allocution and his statements made here today.

[N.T. Sentencing, 2/10/23, at 50-51].

The [trial court] further explained "the substance of the aggravating factors . . . outweigh[ed] the mitigation that been presented on behalf of the [Appellant]."

- 9 -

Trial Court Opinion, 9/12/23, at 5-6 (some citations omitted).

The record thus belies Appellant's claim that the trial court failed to consider his rehabilitative needs and the mitigating circumstances of this case. As such, Appellant's first claim on appeal fails.

Next, Appellant claims that the trial court abused its discretion by sentencing Appellant "to a sentence that is higher than the aggravated range of the sentencing guidelines without giving adequate reasons." Appellant's Brief at 26. This claim is waived, as Appellant did not raise the claim at sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024